# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

MONAHAN PRODUCTS LLC
    d/b/a UPPABABY,

Plaintiff,

V.

SAM'S EAST, INC. and SAM'S WEST, INC.,

Defendants.

Civil Action No. 1:18-cv-11561-FDS

## AGREED CONFIDENTIALITY ORDER

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Confidentiality Order:

1.     **Scope.** This Order shall govern the disclosure of materials designated as Confidential Material by any party or non-party in the above-captioned matter (the "Litigation"). "Confidential Material," as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, the information contained in such material, and any documents or testimony that discuss or incorporate such material, regardless of the medium or manner in which they are generated, stored, or maintained.

2.     **Confidential Material.** "Confidential Material", as used in this Order, consists of the following materials and categories of materials:

> a. "Confidential" Information is any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure ("FRCP") and any applicable case law interpreting FRCP 26; contracts; proprietary

information; vendor agreements; personnel files; claim/litigation information; and non-public policies and procedures.

b. "Highly Confidential – Attorneys' Eyes Only" Information is information the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including, but not limited to, materials containing corporate trade secrets; nonpublic research and development data; marketing, financial, and sales information; strategic plans; pricing formulas; inventory management programs; information obtained from a non-party pursuant to a current non-disclosure agreement; and confidential business information not generally known to the general public. Customer-related Protected Data are considered Highly Confidential – Attorneys' Eyes Only.

c. **"Protected Data"** shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

3. **Additional Designation.** If any party seeks to designate additional documents or categories of documents produced by any other party as Confidential Material, it will be the burden of the party seeking protected status to move for a court order designating the materials as confidential after the parties confer.

4. **Protection by the Court.** The parties agree that Confidential Material should be given the protection of an order of this Court to prevent damage through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

5. **Designation.** To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO

PROTECTIVE ORDER" and shall submit confidential discovery, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

    a. Information on a disk or other electronic format may be designated confidential by marking the storage medium itself with the legend "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

    b. Information disclosed at any deposition of a party taken in this action may be designated by the party as Confidential by indicating on the record at the deposition that the information is Confidential or Highly Confidential – Attorneys' Eyes Only and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition by notifying the court reporter and other parties in writing, within 15 business days of receipt of the final transcript, of the specific pages and lines of the transcript which are designated as Confidential or Highly Confidential – Attorneys' Eyes Only. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL – SUBJECT TO

CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" legend to the designated pages and segregate them as appropriate. The parties may agree to a reasonable extension of the 15 business day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15 business day period, the entire transcript shall be treated as Highly Confidential – Attorneys' Eyes Only.

c. Copies of material described in paragraph 2, above, or incorporated into paragraph 2 by court order, and which were produced without the designation of "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7, below, the party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material is Confidential.

6. **Inadvertent Failure to Designate.** Pursuant to Federal Rule of Evidence ("FRE") 502(d), inadvertent disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production to which the Producing Party would be entitled in the Litigation

or any other federal or state proceeding. Pursuant to FRCP 26(b)(5)(B) and FRE 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. This provision is designed to foreclose any arguments that, by making such production, the production of Confidential Materials subject to a legally recognized claim of privilege, including, without limitation, the attorney-client privilege, work-product doctrine, or other applicable privilege:

    (a)    was not inadvertent by the Producing Party;
    (b)    that the Producing Party did not take reasonable steps to prevent the disclosure of privileged documents;
    (c)    that the Producing Party did not take reasonable or timely steps to rectify such disclosure; and/or
    (d)    that such disclosure acts as a waiver of applicable privileges or protections associated with such documents.

7. (a) **Access to Confidential Material.** Any materials designated Confidential and the information contained therein shall be disclosed only to:

(i) the Court and its staff;

(ii) the outside counsel of record in this Litigation, and their employees or contractors (such as photocopy services, translation services or litigation support services) who are assisting them in this action;

(iii) any officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

(iv) individuals who have been retained by a party or its counsel to serve as an expert witness or consultant in this Litigation, and who have been disclosed pursuant to Paragraph 8 below, provided that each Expert first executes an "Acknowledgement" attached as Exhibit A, as well as their employees or contractors who are assisting them in this Litigation;

(v) the author of the document, any person identified as a recipient of the document on its face, or any person who actually received it; and

(vi) in-house counsel, and four (4) officers, directors, and/or employees of the Receiving Party to whom disclosure is necessary in connection with the preparation for and trial of this action.

(b) **Access to Highly Confidential – Attorneys' Eyes Only Material.** Any materials designated Highly Confidential – Attorneys' Eyes Only and the information contained therein shall be disclosed only to those individuals identified in Paragraphs 7(a)(i)-(v) above.

(c) Confidential Material shall not be disclosed to any outside experts or consultants who are current or former employees or current or former consultants of a direct competitor of any party named in the Litigation. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order, and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel also shall require all persons, except the Court, its staff, the parties, in-house counsel for the parties, counsel of record and counsel's staff personnel, to execute the Affidavit attached as *Exhibit A*, prior to the disclosure of Confidential Material. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order, to promptly notify counsel for the Producing Party of such breach or threatened breach. Counsel shall not otherwise offer or permit disclosure of any Confidential

Material, its contents, or any portion or summary thereof. Disputes concerning the confidential nature of such materials shall be resolved by the Court upon motion prior to dissemination of any Confidential Material.

8. **Disclosure of Expert.** If a Receiving Party desires to give, show, make available or communicate any Confidential Material to any expert retained by that party or its counsel, that party or its counsel must first identify the expert by providing a written notice to the Producing Party which: (a) sets forth the full name of the expert and the city and state of his or her primary residence; (b) attaches a copy of the expert's resume or curriculum vitae; (c) identifies the expert's current employer(s); (d) identifies each person or entity from whom the expert has received compensation or funding for work in his or her area of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years; and (e) identifies by name, case number, filing date and court location, any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial; during the preceding five years.

    A.    A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the Confidential Material to the identified expert unless, within 14 days of delivering the request, the party receives a written objection from the Producing Party which sets forth in detail the grounds on which the objection is based.

    B.    A party that receives a timely written objection must meet and confer with the Producing Party in person or by teleconference to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the party seeking to make the disclosure to the expert may file a motion seeking permission

from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Producing Party for its refusal to approve the disclosure. The party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Producing Party's need to disclose the Confidential Material to the expert.

9. **Limited Usage.** Persons having knowledge of Confidential Material and information by virtue of their participation in the conduct of this litigation shall use such Confidential Material for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this Litigation. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court.

10. **Admissibility.** The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either party may seek an appropriate court order to protect Confidential Material.

11. **Modification.** Nothing in this Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to confidentiality of material or the removal of a confidential designation.

12. **Challenging a Confidentiality Designation.** Should a party or counsel disagree with any designation of material as confidential, they first shall attempt to resolve such dispute with the parties' counsel and, if unsuccessful, apply to the Court for a determination as to whether the material or information should remain designated as Confidential Material. Pending resolution of any such challenges, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court. Any Receiving Party may challenge a designation of Confidential Material at any time. Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation of Confidential Material by electing not to mount a challenge promptly after the original designation is disclosed. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

13. **Public Knowledge.** The restrictions set forth in this Order shall not apply to (i) information or material that was, is or becomes public knowledge in a manner other than by violation of this Order; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

14. **Filing Under Seal**.  Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with FRCP 26 and Local Rule 7.2.  Unless the Court orders otherwise, Confidential Material may only be filed under seal pursuant to a court authorizing the sealing of the specific Confidential Material at issue.

15. **Manner of Sealing.**  In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court as described in paragraph 14 above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

16. **Destruction of Confidential Information.**  This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days after settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each Party to whom "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials were produced shall, without further request or direction from the Producing Party, promptly destroy all documents, items or data received (as well as copies of these) bearing a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" marking including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Material,

including any copies of Confidential Materials provided to persons required to execute the Exhibit A - Affidavit, and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, undersigned counsel may retain one archival copy of court filings and correspondence, and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing Confidential Material which will otherwise remain subject to this Order. The parties are not required to delete archived copies of any Confidential Material created as part of an automated backup process, so long as the automated backup is overwritten or purged at least every 90 days.

    17.    **A Non-party's Protected Material Sought to be Produced in this Litigation.** The terms of this Order are also applicable to Confidential Material produced by a non-party in this action, which shall be subject to the same protections afforded to Confidential Information produced by the parties. Nothing in this Order should be construed as prohibiting a non-party from seeking additional protections.

    A.    In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party refuses to turn over documents or information related to the non-party due to a confidentiality agreement with the non-party, then the party shall:

    i.    Promptly notify the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

    ii.  Promptly provide the non-party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    iii.  Make the information requested available for inspection by the non-party.

  B.  If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.

  18.  **Demand in Another Proceeding.** If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand,

the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand is provided. Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

19. **Additional Parties.** In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

20. **Advice of Counsel.** The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

21. **Term.** This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

**IT IS SO ORDERED** Dated:
11/21/2018

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 20, 2018          Respectfully stipulated to and submitted,

By: ___/s/ Nathan T. Harris___
Craig R. Smith (BBO # 636723)
Nathan T. Harris (BBO # 675533)
LANDO & ANASTASI, LLP
One Main Street, Eleventh Floor

                Cambridge, MA  02142
                T: (617) 395-7000
                *csmith@lalaw.com*
                *nharris@lalaw.com*

***Counsel for Plaintiff***


By:   /s/ Mark Schonfeld
      Mark Schonfeld (BBO #446980)
      *mschonfeld@burnslev.com*
      Andrea L. Martin (BBO #666117)
      *amartin@burnslev.com*
      BURNS & LEVINSON LLP
      125 Summer Street
      Boston, MA 02110
      T: (617) 345-3000
      F: (617) 345-3299

***Counsel for Defendants***

# AFFIDAVIT

1. My name is _____. I live at _____. I am working on behalf (or at the direction and engagement) of _____.

2. I am aware that a Confidentiality Order has been entered in the matter <u>Monahan Products LLC v. Sam's East, Inc., et al.</u>, Civil Action No. 1:18-cv-11561-FDS, pending in the U.S. District Court for the District of Massachusetts, and a copy thereof has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as confidential pursuant to such Confidentiality Order ("Confidential Materials") are being disclosed to me only upon the condition that I agree to be subject to the jurisdiction of this Court and to that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only in connection with assisting counsel for the parties in preparing for litigation of the above-captioned matters. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality Order will subject me to the sanctions of this Court for contempt.

4. I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

DATED: _____, 20___          _____

# EXHIBIT A

4833-1048-3584.1